IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

SHAWN A. JACKSON,

                            Petitioner,

                       -vs-

JAMES T. CONWAY, Superintendent, Attica
Correctional Facility,

                           Respondent.

**ORDER**
**No. 05-CV-0571(VEB)**

_____

## BACKGROUND

Before the Court are several applications by *pro se* petitioner Shawn A. Jackson ("Jackson") for discovery and other relief, including the appointment of counsel, "Expert Consultation" for appointed counsel, an evidentiary hearing, and for permission to proceed *in forma pauperis*. *See* Docket Nos. 21, 22, 23 & 25. Respondent has opposed all of Jackson's requests. For the reasons set forth below, Jackson's applications are denied.

## DISCUSSION

### *Discovery in Habeas Cases*

"[A] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904; *see also Drake v. Portuondo*, 321 F.3d 338, 346 (2d Cir. 2003); *see also Harris v. Nelson*, 394 U.S. 286, 295 (1969) (concluding that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas proceedings). Rule 6(a) of the Rules Governing § 2254 Cases provides that a habeas petitioner is entitled to discovery "if, and to the extent that, the judge in the

exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *See*

*Bracy*, 520 U.S. at 904. Whether a petitioner has shown "good cause" depends on whether the

petitioner has set forth specific allegations that provide "reason to believe that the petitioner

may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."

*Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. at 299).   "Generalized statements

about the possible existence of discovery material are insufficient to constitute 'good cause.'"

*Gonzalez v. Bennett*, 2001 WL 1537553, at *4 (S.D.N.Y. Nov. 30, 2001) (citing *Green v. Artuz*,

990 F. Supp. 267, 271 (1998)); *accord*, *e.g.*, *Richard v. Girdich*, NO. 9:03CV0920 FJSGJD,

2007 WL 405863, at *1 (N.D.N.Y. Feb. 11, 2007). The court may, in its discretion, deny

discovery where the petitioner has provided no specific evidence that the requested discovery

would support his habeas corpus petition. *Id.* (citing *Charles v. Artuz*, 21 F. Supp.2d 168, 170

(E.D.N.Y.1988)); *accord*, *e.g.*, *Richard v. Girdich*, 2007 WL 405863, at *1.

Jackson seeks discovery of the "(Monroe County Public Safety Laboratory Case Number

2907-00, Report Number 2, in addition to any and all other Reports generated after Report

Number 3, (If None So State), also, Authorizing Agencies, Inventory, Requested Testing,

Results and Correspondence with before [sic] said Agencies)." Petitioner's Affidavit in Support

of Motion for Discovery at Page 2 (Docket No. 23). Jackson has filed several requests pursuant

to New York's Freedom of Information Law ("F.O.I.L."), *see id.* at Page 3 (Docket No. 23),

copies of which are attached to his motion for discovery. *See id.*   The Monroe County

Department of Communications repeatedly denied these requests, and Jackson's appeals of these

denials, on the basis that "[a]ll requested information has been previously provided to [Jackson]

by [his] trial attorney." *E.g.*, Letter dated July 6, 2006, from John Staub, Monroe County

Department of Communications to Petitioner. Thus, it appears that Jackson had access to the requested information at the time of trial. Jackson denies this, however, stating that such a representation that he was provided with the documents "is completely erroneous[.]" The Court has reviewed the state court records submitted by respondent, as well the records submitted by Jackson in connection with his pleadings, and there are numerous documents therein that relate to Monroe County Public Safety Laboratory Case Number 2907-00, Report Numbers 2 and 3. This appears to contradict Jackson's assertion that he has not been provided with documentation related to these laboratory reports. If there are additional documents that he is seeking, Jackson has not identified with sufficient specificity what they are, or how they would tend to exonerate him or otherwise support his petition for habeas corpus relief. Jackson has made nothing more than speculative assertions about the possible existence of discovery material which are insufficient to demonstrate the "good cause" required to order discovery in a habeas case.

### *Appointment of Counsel*

Jackson also "requests appointment of the Federal Defenders Office in Buffalo, or, in the alternative, appointment of Private Counsel with Appropriate Experience in similar cases involving complex evidentiary concerns, to include, but not limited to [sic] Physical, Medical and Forensic Evidence. . . ." Petitioner's Affidavit in Support of Motion for Discovery, ¶2 (Docket No. 23). The Supreme Court has clearly held that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding by the court "if the interests of justice so require."

Habeas petitioners who qualify under the Criminal Justice Act are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), as are indigent petitioners who seek to vacate or set aside a sentence of death.  21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

Appointment of counsel for indigent litigants in civil cases, such as habeas petitioners, is within the judge's discretion.  *See Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986); *see also In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).  The Court has reviewed Jackson's application for counsel in light of the factors required by law as set forth by the Second Circuit in *Hodge*.  Specifically, as discussed below, Jackson has not made a showing at this time that an evidentiary hearing is required, nor is he seeking to vacate or set aside a sentence of death.  In addition, Jackson has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time to allow him to present the claims raised in his habeas petition.

### *Evidentiary Hearing*

Jackson requests that an evidentiary hearing be held in district court, stating that he is entitled to one because he did not have a "full and fair evidentiary hearing in a State Court, either at the time of trial or in a collateral proceeding." Petitioner's Affidavit in Support of Motion for Discovery, ¶3-4 ¶2 (Docket No. 23). He asserts that if he had been granted an evidentiary hearing in connection with his collateral C.P.L. § 440.10 motion before the trial court, he "may have been permitted to expand the record with regards to the requested information . . . ." The Court assumes Jackson is referring to the documents from the Monroe County Public Safety Laboratory about which he seeks discovery in the present action. As discussed above in this

-4-

Decision and Order, Jackson has not established that he has been denied access to any documents to which he was entitled, or that the documents he claims he was denied actually exist in the possession of the prosecutor's office.

Rule 8 of the Section 2254 Rules provides as follows:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.

28 U.S.C. foll. § 2254, Rule 8(a). Prior to the enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (the "AEDPA"), in 1996, federal district courts enjoyed broad discretion in determining when to hold evidentiary hearings in habeas corpus proceedings. *See Jones v. Vacco*, 126 F.3d 408, 417 n. 2 (2d Cir.1997). "In recent years, the Supreme Court and Congress have severely limited the situations in which a habeas court is required or even permitted to hold an evidentiary hearing to consider factual claims by a habeas petitioner." *Nieblas v. Smith*, 204 F.3d 29, 31 (2d Cir.1999) (citing *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 5-6 (1992) (requiring a hearing only when the petitioner can establish cause for his failure to develop an adequate factual record below and prejudice resulting from that failure); 28 U.S.C. § 2254(e)(2) (prohibiting a district court from holding an evidentiary hearing where the habeas applicant "failed to develop the factual basis of a claim in State court proceedings" unless the applicant meets several stringent requirements)). The relevant standard for whether a habeas petitioner may be entitled to an evidentiary hearing is now statutorily prescribed by 28 U.S.C. § 2254(e)(2), which states as follows:

> If the applicant has failed to develop the factual basis of a claim in State court
> proceedings, the court shall not hold an evidentiary hearing on the claim unless
> the applicant shows that-
> (A) the claim relies on–
> (i) a new rule of constitutional law, made retroactive to cases on collateral review
> by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the
> exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and
> convincing evidence that but for constitutional error, no reasonable factfinder
> would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A), (B). Jackson's application for an evidentiary hearing thus may be granted in only two circumstances: (1) where 28 U.S.C. § 2254(e)(2)'s provisions do *not* apply to the claim because the petitioner did not fail to develop the factual basis of the claim in the state court proceedings, or (2) where the petitioner's claim falls under one of the two exceptions to § 2254(e)(2) (*i.e.*, subsection (A) or subsection (B)). *Millan v. Keane*, No. 97 Civ. 3874(JGK), 1999 WL 178790, at *7 (S.D.N.Y. Mar. 31, 1999); *accord Ruine v. Walsh*, No. 00 Civ. 3798(RWS), 2005 WL 1668855, at *3 (S.D.N.Y. July 14, 2005); *see also Williams v. Taylor*, 529 U.S. 420, 430 (2000) ("If the prisoner has failed to develop the facts, an evidentiary hearing cannot be granted unless the prisoner's case meets the other conditions of [28 U.S.C.] § 2254(e)(2)."); *Channer v. Brooks*, 320 F.3d 188, 199 (2d Cir. 2003).

In his application, Jackson "gently reminds this Court of the United States Supreme Court holding in (Townsend v. Sam [sic]), 372 U.S. 293, 319 (1963).[1] 'The appropriate standard - - - is this: Where the facts are in dispute, the Federal Court in habeas corpus [sic] must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a

---

[1]     Jackson appears to be citing *Townsend v. Sain*, 372 U.S. 293, 319 (1963), *overruled in part by Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S. Ct. 1715, 1717-18 & n.2 (1992).

State Court, either at the time of trial or in a collateral proceeding.[2]'" Petitioner's Affidavit, ¶4 (Docket No. 23). What Jackson neglects to mention is the following footnote that the Supreme Court appended to the above-quoted statement from *Townsend*: "In announcing this test we do not mean to imply that the state courts are required to hold hearings and make findings which satisfy this standard, because such hearings are governed to a large extent by state law." *Townsend*, 372 U.S. at 313 n.9.

Moreover, Jackson is relying on an aspect of *Townsend* which no longer appears to be good law, in light of *Keeney v. Tamayo-Reyes* and AEDPA's amendments to the habeas statute. As the Second Circuit has explained, "[a]t one time, district courts were required to hold evidentiary hearings in habeas cases whenever 'for any reason not attributable to the inexcusable neglect of petitioner, evidence crucial to the adequate consideration of the constitutional claim was not developed at the state hearing.'" *Pagan v. Keane*, 984 F.2d 61, 64 (2d Cir. 1993) (quoting *Townsend v. Sain*, 372 U.S. 293, 317 (1963) (citation omitted in original)). The Supreme Court, in 1992, overruled that holding of *Townsend* in *Keeney v. Tamayo-Reyes*, 504 at 5-6. The Supreme Court held in *Tamayo-Reyes* that a hearing was "required only when the petitioner can establish cause for his failure to develop an adequate factual record below and prejudice resulting from that failure"; it was no longer sufficient for the petitioner to show, as he had under *Townsend*, "merely that he did not deliberately bypass the opportunity to present facts to the state forum." *Id. Townsend* also has been superseded by AEDPA, which the Supreme Court recognized in *Williams v. Taylor*, 529 U.S. 420 (2000)). AEDPA wholly eliminated the

---

[2]        In stating that he did not receive an evidentiary hearing, Jackson apparently is referring to the refusal of the trial court to hold an evidentiary hearing on his post-judgment motion to vacate pursuant to C.P.L. § 440.10.

former § 2254(d) of the habeas statute, where the *Townsend* standards upon which Jackson relies were first codified. Its replacement, AEDPA's § 2254(e)(2), drastically restricts a federal habeas court's discretion to grant an evidentiary hearing, as many federal courts have noted. However, some federal courts have stated that if the provisions of 28 U.S.C. § 2254(e)(2) do not apply–that is, the failure to develop the factual basis for the habeas claim in state court cannot be attributed to something that the petitioner did or failed to do–then the federal habeas court should consult pre-AEDPA standards to determine whether an evidentiary hearing on the petitioner's claim is warranted. *United States ex rel. Hampton v. Leibach*, 347 F.3d 219, 244 & n. 12 (7th Cir. 2003) (noting that the petitioner's entitlement to an evidentiary hearing would be adjudged under *Townsend v. Sain*, 372 U.S. 293 (1963) if the provisions of 28 U.S.C. § 2254(e)(2), by their terms, do not apply) (quoted in *Ruine v. Walsh*, 2005 WL 1668855, at *3).

Based on Jackson's submissions to the Court, I cannot find that Jackson's request for an evidentiary hearing has merit, regardless of whether it is evaluated under 28 U.S.C. § 2254(e)(2) or under the pre-AEDPA standards. *See Ruine v. Walsh*, 2005 WL 1668855, at *5 (comparing *Townsend v. Sain*, 372 U .S. at 312 (holding, in the pre-AEDPA context, that an evidentiary hearing must be held in a habeas proceeding "[w]here the facts are in dispute" and where the habeas applicant did not receive a full and fair evidentiary hearing in state court), with *Thompson v. Bell*, 315 F.3d 566, 595 (6th Cir.) (holding that a petitioner was "not entitled to an evidentiary hearing under § 2254(e) because he failed to present any evidence demonstrating a genuine issue of material fact"), *rev'd on other grounds* 545 U.S. 1158 (2005).

### Authorization of Funds for Expert Consultation

In addition to the appointment of counsel, Jackson seeks authorization of funds to be

expended for "'Expert Consultation.'" *Id.*, ¶3. "Both 18 U.S.C. § 3006A(e)(1) and 21 U.S.C. §§ 848(q)(9) require (1) that the habeas petitioner be financially unable to obtain the requested expert services on his own, and (2) that such services be 'necessary' (18 U.S.C. § 3006A(e)(1)) or 'reasonably necessary' (21 U.S.C. § 848(q)(9)) for the [petitioner]'s representation."*Lawson*. Respondent does not contest Jackson's indigence; the only question is whether expert services are "necessary" or "reasonably necessary" for Jackson's prosecution of the ineffective assistance claims in his habeas petition. "[C]ourts have held that expert assistance is not reasonably necessary where an evidentiary hearing at which the testimony could be presented will not be held." *Weeks v. Angelone*, 4 F. Supp.2d 497, 519 (E.D. Va. 1998) (citing, *inter alia*, *Lawson v. Dixon*, 3 F.3d 743, 753 (4th Cir. 1993) (holding that there was no need to appoint psychiatric expert for habeas petitioner if petition raised no claims entitling him to an evidentiary hearing at which the psychiatrist could present evidence of petitioner's mental competence); *Burris v. Parke*, 948 F. Supp. 1310, 1327 (N.D. Ind.1996) (holding that expert witnesses not "reasonably necessary" where evidence they would present could not be introduced because petitioner was not entitled to an evidentiary hearing), *aff'd*, 116 F.3d 256 (7th Cir.1997)). As discussed above, the Court has found that at this time, Jackson has not come forward with evidence demonstrating a genuine issue of material fact. As further fact-finding on his habeas claims appears to be unnecessary, no hearing shall be held at this time, and Jackson's request for the appointment of an expert witness is accordingly denied.

Accordingly, petitioner's applications for an evidentiary hearing, discovery, expert assistance, and the appointment of counsel (Docket Nos. 21, 22, 23 & 25) are **DENIED** without prejudice. It is petitioner's responsibility to retain an attorney or press forward with this

proceeding *pro se*. *See* 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: March 28, 2008
        Buffalo, New York.