IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

SHAWN A. JACKSON,

                 Petitioner,             **DECISION AND ORDER**
                                                           **No. 05-CV-0571(VEB)**

   -vs-

JAMES T. CONWAY, Superintendent, Attica
Correctional Facility,

                 Respondent.
_____

*Pro se* petitioner Shawn A. Jackson ("Jackson" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction on multiple counts of first degree sodomy, first degree rape, incest, first degree sexual abuse, third degree rape, third degree sodomy, third degree assault, attempted first degree sodomy, endangering the welfare of a child, and coercion.

This Court previously denied Jackson's motion for discovery of certain laboratory reports on the basis that the record did not substantiate his claim that he was not provided, during trial, with all of the documents he now seeks. Furthermore, the Court found that Jackson had not identified with sufficient specificity what the documents were, or how they would tend to exonerate him or otherwise support his petition for habeas corpus relief. Thus, the Court found that Jackson not sufficiently demonstrated the "good cause" required to order discovery in a habeas case.

The Court also denied Jackson's request for the appointment of counsel and an evidentiary hearing. However, that denial was without prejudice. Although it is well settled that

a petitioner does not have a Sixth Amendment right to counsel in a habeas proceeding, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993), the Second Circuit has explained that pursuant to 28 U.S.C. § 1915(d), a district judge has the discretion to appoint counsel for indigents in civil cases: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (quoted in *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)).

In *Hodge*, the Second Circuit offered the following guidance has offered this guidance for exercising that discretion:

> In deciding whether to appoint counsel, however, the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination

*Id.* at 61-62; *accord Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir.1989); *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997). The Second Circuit has held that "[i]n habeas corpus cases, counsel must be appointed for qualified indigents when a hearing is required; the court may appoint counsel at an earlier stage if it deems appointment desirable." *Hodge*, 802 F.2d at 60 (citing Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c) and Advisory Committee Notes).

As to the first and second *Hodge* factors, the Court concludes that, after reviewing the record in this case, including the trial transcript in its entirety, the issues raised by Jackson are

"of substance," *Hodge*, 802 F.2d at 61, and that there may be the need for cross-examination of witnesses at an evidentiary hearing. *See, e.g.*, *Gersten v. Senkowski*, 299 F. Supp.2d 84 (E.D.N.Y. 2004) (holding an evidentiary hearing in case involving alleged sexual abuse of daughter by father and a claim of ineffective assistance of trial counsel based upon, *inter alia*, the failure to call or consult with a medical expert witness to rebut testimony of examining physician that examination results highly suggested that victim suffered from trauma in genital area), *aff'd*, 426 F.3d 588 (2d Cir. 2005) (affirming district court's grant of writ of habeas corpus); *see also Eze v. Senkowski*, 321 F.3d 110 (2d Cir. 2003) (noting the importance of effective representation for defendants in child sexual abuse prosecutions); *Pavel v. Hollins*, 261 F.3d 210 (2d Cir. 2001) (same); *Lindstadt v. Keane*, 239 F.3d 191 (2d Cir. 2001) (same)). The Court notes that in *Sparman v. Edwards*, the United States Court of Appeals for the Second Circuit held that "a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs."154 F.3d 51, 52 (2d Cir. 1998). Therefore, after considering Jackson's case in light of the *Hodge* factors, and based upon *Sparman v. Edwards*, the Court finds that appointment of counsel is warranted here.

Accordingly, it is hereby

**ORDERED** that Easton Thompson Kaspererk Shiffrin LLP, Brian Shiffrin, Esq., of counsel, be appointed pursuant to the Criminal Justice Act ("CJA") to represent Jackson. Furthermore, pursuant to *Sparman*, Jackson's trial attorney is entitled to an opportunity to address the matters at issue and provide an explanations for his decisions and the conduct of his

representation. There may also be the need to hear testimony from medical expert witnesses, given the nature of Jackson's claims. Finally, the Court finds that it would benefit from additional briefing and oral argument from counsel regarding Jackson's other constitutional claims. For these reasons, the Court determines that an evidentiary hearing pursuant to *Sparman v. Edwards* is necessary with respect to petitioner's ineffective assistance of counsel claims. At the hearing, the Court shall hear oral argument regarding all of Jackson's habeas claims. The hearing shall be held on September10, 2009, at a place and time to be determined. The Court will issue a further order regarding the briefing schedule and giving instructions to the parties to conduct a telephonic conference, in the nature of a conference pursuant to Fed. R. Civ. P. 26(f), prior to the hearing itself.

**ALL OF THE ABOVE IS SO ORDERED.**

/s/ *Victor E. Bianchini*

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: May 18, 2009
Buffalo, New York