UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHAWN A. JACKSON,

                Petitioner,

   -vs-

JAMES CONWAY,

                Respondent.

**RESPONDENT'S RESPONSE TO PETITIONER'S THIRD MOTION FOR DISCOVERY**

05-CV-0571(VEB)

---

TO THE HONORABLE VICTOR E. BIANCHINI, Magistrate Judge, United States District Court for the Western District of New York:

The above-named respondent, by Kelly Christine Wolford, Assistant District Attorney in and for the County of Monroe, on whom petitioner's third motion for discovery has been served, as well as this Court's decision and order directing respondent to investigate and respond to defendant's discovery demand, respectfully responds as follows:

1.    In response to this Court's decision and order filed August 31, 2009, I personally reviewed the file of the Monroe County District Attorney and spoke to a member of the Monroe County Public Safety Laboratory with knowledge of the procedures of said lab.

2.    A review of the District Attorney's Office file reveals that this office was only in possession of lab reports 1 and 3.  There is no lab report 2 in the District

Attorney's Office trial file.  Pursuant to office procedure, this file was closed shortly after defendant was sentenced and was sent off-site for storage.  It was retrieved at my request from our off-site storage company.

3.  After reviewing defendant's copy of Report 2, I personally called the Monroe County Public Safety Laboratory (MCPSL) and spoke to a person who has knowledge of the procedures followed at the lab during the time of defendant's prosecution.  The following is what was learned from that conversation.  Should this Court require an affidavit from someone with personal knowledge, such an affidavit could be secured. It simply was not secured at this point because of the time by which I had to respond.

4.  The MCPSL is charged, in part, with testing various evidence from crime scenes in and about the Monroe County area.  To properly track evidence and its location, the lab uses a computer system.  Each case in which evidence is brought to the MCPSL is assigned a unique laboratory case number; in this case it was laboratory case number 2907-00.  When evidence is assigned to a particular part of the lab for analysis, such as serology, criminalistics (which in this case would be trace analysis), or DNA, the computer assigns a report number.  For example, after this case was assigned number 2907-00, certain items were submitted for serology testing, the serology portion of the analysis was immediately assigned lab Report 1 by the computer, although no written report was generated at that time.  Ultimately

-2-

the serology testing was completed by Marcia Bledsoe whose findings were reported by the written "Report 1," dated February 2, 2001. (See Exhibit A – Report 1).

5.    Throughout her report, Ms. Bledsoe notes "Trace material turned over to Trace Analysis." When the case was assigned to the Trace Analysis section, the Trace Analysis portion of the case was assigned a report number by the computer: this was Report 2. (Exhibit B – Report 2). However, as written Report 2, obtained by petitioner through a Freedom of Information Law request, indicates, no trace analysis was performed.  Because no trace analysis was performed, no document named Report 2 was generated before defendant's trial – there was simply nothing to report.  Nevertheless, before MCPSL could return the evidence to the police property office, a report had to be generated for record purposes stating that no testing had been performed and the property was returned.  Here, this did not occur until May 3, 2002, when the lab, aware that defendant's trial was over, returned the evidence and generated written "Report 2."  However, in reality, Report 2 was assigned this number long before the written report was generated.

6.    Report 3 was assigned a different laboratory report number when to yet another section of the MCPSL was assigned to test evidence –  the DNA section. (Exhibit C – Report 3).  The DNA report became Report 3 only because the case as assigned to the DNA section after it had been assigned to serology and trace.

Since DNA testing was actually performed, written Report 3 was generated at the conclusion of such testing, on March 27, 2001.

7.   There are only three reports from the MCPSL related to defendant's case.  Report 2 is dated after Report 3 simply because the date of the actual written report for Report 2 occurred after the written report for Report 3.  They appear out of sequence only because that is the order in which the written reports were generated, but is not the order in which the computer assigned "report numbers," since this occurs not at the time of the written report, but at the time the evidence is assigned to a different section of the lab for testing.  There is only one Report 2 – the one obtained by petitioner through FOIL. There are no other MCPSL reports pertaining to this case.

8.   In response to this Court's directive that "respondent conduct whatever inquiry is necessary to explain the findings/results of Report No. [2], specifically the notations of 'no analyst assigned' and 'no trace analysis, evidence was returned'" this is not an unusual situation.  The MCPSL receives an extremely large quantity of potential evidence.  At the time of defendant's prosecution, the lab was only able to test what they were specifically requested to test.  Here the only analysis requested was serology and DNA testing of certain blood stains. There was no request for trace analysis.  Since no one requested trace analysis, no analyst was assigned and no testing was conducted.

-4-

Respondent respectfully asks this Court to consider this response a complete response to petitioner's third motion for discovery.

Respectfully Submitted,

Dated: September 9, 2009

s/Kelly Christine Wolford
Kelly Christine Wolford
Assistant District Attorney
Attorney for Respondent
MICHAEL C. GREEN
District Attorney, Monroe County
47 South Fitzhugh Street
Rochester, New York 14614
(585)753-4654
kwolford@monroecounty.gov

cc:    Brian Shiffrin, Esq.

# EXHIBIT A

**County of Monroe**
**Public Safety Laboratory**
**524 Public Safety Building**
**Rochester, New York 14614**
**Dr. Moses S. Schanfield, Administrator**

Subject                 : Biology / Criminalistics Case
Laboratory Case Number  : 2907-00              Report Date 02/06/2001
Complaint Number        : 00-0081935
Case Officer            : Greece Police
Submission Date         : 12/01/2000   Case Names:
                                       ████████████ - Victim
                                       Jackson, Shawn A. - Suspect
                                       ████████████ Victim
                                       ████████████ Victim

Reference : A, B, C, D

Agency     :  Greece Police Department
Attention  :  Greece Police

**The following items were submitted:**

Item 01      One sealed paper bag containing:

             The following items with trace material adhered:

             1.1  One pair of dark blue teddy bear patterned
                  shorts, with a stain adhered.

             1.2  One plastic "...CVS..." bag with no visible
                  stains adhered.

***Results***

             1.1  No seminal material was detected on the
                  stain examined.

             1.2  Visual, tactile, and ALS examination failed
                  to reveal the presence of any semen-like
                  stains.

             Trace material turned over to Trace Analysis.

Item 02      One sealed NYS Sexual Assault Kit

             2.1  An envelope, labeled VAGINAL, containing two slides and
             two cotton swabs.

**Monroe County Public Safety Laboratory**

Lab No: 2907-00 Report 1 Report Date : 02/06/2001
Agency   : Greece Police Department Case Number :00-0081935
Analyst : Marcia E. Bledsoe
Page No : 2 of 8

 2.2  An envelope, labeled ORAL, containing two slides and
two cotton swabs.

 2.3  An envelope, labeled ANAL, containing two slides and
two cotton swabs. Each swab had a brown stain adhered.

 2.4  An envelope, labeled DRIED SECRETIONS, containing one
swab box labeled "...Nipple/Areola area...", holding one
swab.

 2.5  A plastic box labeled KNOWN BLOOD SAMPLE,containing two
purple-top tubes of blood, each labeled, "...JACKSON,
KAREN...".

 2.6  A sealed paper bag labeled UNDERWEAR, containing one
purple panty with a  brown stain and trace material adhered.

 2.7  Item for Trace Analysis.

**Results**

 2.1  No spermatozoa were observed on the slides, nor was
there any seminal material detected on the swab examined.

 2.2  No spermatozoa were observed on the slides, nor was
there any seminal material detected on the swab examined.

 2.3  No spermatozoa were observed on the slides, nor was
there any seminal material detected on the swab examined. A
presumptive test for blood failed to indicated the presence
of blood on the swab examined.

 2.4  No saliva was detected on the swab.

 2.5  A bloodstain card was made and placed inside the Sexual
Assault Kit.

 2.6  No seminal material was detected on the brown stain
examined. A presumptive test for blood failed to indicate

**Monroe County Public Safety Laboratory**

Lab No: 2907-00 Report 1 Report Date : 02/06/2001
Agency   : Greece Police Department Case Number :00-0081935
Analyst : Marcia E. Bledsoe
Page No : 3 of 8

the presence of blood on the stain.

Trace material turned over to Trace Analysis.

2.7  Turned over to Trace Analysis.

Item 03          One sealed paper bag containing:

One multi-colored floral print flat sheet with various
stains and trace material adhered.

**Results**

No seminal material was detected on any of the three stains
examined.

Item 04          One sealed paper bag containing:

The following items with trace material adhered:

4.1  One white pillowcase with a hole or tear,
labeled "...100% COTTON...", with various
stains adhered.

4.2  One white pillowcase labeled "100% COTTON,
with various stains adhered.

4.3  One white fitted sheet labeled "...100%
COTTON..." with various stains adhered.

4.4  One white flat sheet labeled "...100%
COTTON..." with various stains adhered.

**Results**

4.1  No seminal material was detected on
either of the stains examined.

4.2  No seminal material was detected on
any of the eight stains examined.

**Monroe County Public Safety Laboratory**

Lab No: 2907-00 Report 1 Report Date : 02/06/2001
Agency  : Greece Police Department Case Number :00-0081935
Analyst : Marcia E. Bledsoe
Page No : 4 of 8

4.3   Spermatozoa were observed on one of
      the two stains examined. The stain
      containing the spermatozoa was
      retained for DNA analysis, should
      it be requested. Human blood was
      detected on two of the four red/brown
      stains tested. The stains were
      retained for DNA analysis, should
      it be requested.

4.4   No seminal material detected on either
      of the stains examined.

Trace material turned over to Trace Analysis.

Item 05     One sealed paper bag containing:

One unsealed plastic bag holding the following
items with trace material adhered:

5.1   One pair of "HANES" Briefs with various
      stains adhered.

5.2   One black "...FRUIT OF THE LOOM..."
      sweatshirt with a "...City of Angel..."
      insignia and no visible stains
      adhered.

5.3   One pair of "...Just My Size..."
      burgundy sweatpants with a hole
      or tear and two dark colored
      stains adhered.

**Results**

5.1   A visual examination failed to reveal
      the presence of any blood-like stains.

5.2   A visual examination failed to reveal

**Monroe County Public Safety Laboratory**

Lab No: 2907-00 Report 1 Report Date : 02/06/2001
Agency   : Greece Police Department Case Number :00-0081935
Analyst : Marcia E. Bledsoe
Page No : 5 of 8

the presence of any blood-like stains.

5.3   A presumptive test for blood gave a
negative result on both stains.

Trace material turned over to Trace Analysis.

Item 06       One sealed paper bag containing:

One plastic bag with a large hole or tear holding
the following items with trace material adhered:

6.1   One lavender "...CROP Walk..." T-shirt
with two stains adhered.

6.2   One light blue satin pajama bottom with
various stains adhered.

**Results**

6.1   No seminal material detected on
either stain.

6.2   No seminal material detected on
either stain examined.  A presumptive
test for blood gave a positive result
on both red/brown stains tested.

Trace material turned over to Trace Analysis.

Item 07       One sealed paper bag containing:

A torn or ripped plastic bag holding the following items
with trace material adhered:

7.1   One white "EEYORE" sweatshirt labeled
"...POOH..." with various stains adhered.

7.2   One pair of "...FADED GLORY..." Jeans
with a stain adhered.

**Monroe County Public Safety Laboratory**

Lab No: 2907-00 Report 1 Report Date : 02/06/2001
Agency  : Greece Police Department Case Number :00-0081935
Analyst : Marcia E. Bledsoe
Page No : 6 of 8

      7.3  One white ..."Vanity Fair..." bra with
           various tiny stains adhered.

      7.4  One "Mickey and Minnie" T-shirt with
           various stains adhered.

**Results**

      7.1  No seminal material was detected on any
           of the five yellow stains examined.

      7.2  No seminal material was detected on the
           yellow stain examined.

      7.3  Stains were too small for analyses.

      7.4  Visual, tactile, and ALS examination failed
           to reveal the presence of any semen-like
           stains.

Trace material turned over to Trace Analysis.

Item 08     One sealed NYS Sexual Assault Kit

8.1  An envelope, labeled VAGINAL, containing two slides and
four cotton swabs. Each of the four swabs had a red/brown
stain adhered.

8.2  An envelope, labeled ORAL, containing two slides and
two cotton swabs.

8.3 An envelope, labeled ANAL, containing two slides and two
cotton swabs. Both swab had a red/brown stain adhered.

8.4  A plastic box labeled KNOWN BLOOD SAMPLE,containing two
purple-top tubes of blood, each labeled, "...███████████ CJ
███████████..".

8.5  A sealed paper bag labeled UNDERWEAR, containing the

**Monroe County Public Safety Laboratory**
Lab No: 2907-00 Report 1 Report Date : 02/06/2001
Agency   : Greece Police Department Case Number :00-0081935
Analyst : Marcia E. Bledsoe
Page No : 7 of 8

following items with trace material adhered:

8.5.1   A white panty (a stained sanitary napkin
        was adhered, see description below) with a
        red/brown stain adhered.

8.5.2   One sanitary napkin with a red/brown stain
        adhered.

8.6-8.9   Items for Trace Analysis.

**Results**

8.1  No spermatozoa were observed on the slides, nor was
there any seminal material detected on the swab examined. A
presumptive test for blood gave a positive result on the
swab examined.

8.2  No spermatozoa were observed on the slides, nor was
there any seminal material detected on the swab examined.

8.3  No spermatozoa were observed on the slides, nor was
there any seminal material detected on the swab examined. A
presumptive test for blood gave a positive result on the
swab examined.

8.4  A bloodstain card was made and  placed inside the
Sexual Assault Kit.

8.5

8.5.1   A presumptive test for blood gave a
        positive result on one of the two red/brown
        stains tested.  Visual, tactile, and ALS
        examination failed to reveal the presence
        of any semen-like stains.

8.5.2   A presumptive test for blood gave a positive
        result on the red/brown stain tested.  Visual,
        tactile, and ALS examination failed to reveal
        the presence of any semen-like stains.

**Monroe County Public Safety Laboratory**

Lab No: 2907-00 Report 1 Report Date : 02/06/2001
Agency  : Greece Police Department Case Number :00-0081935
Analyst : Marcia E. Bledsoe
Page No : 8 of 8

Trace material turned over to Trace Analysis.

8.6-8.9  Trace material turned over to Trace Analysis.

CERTIFICATION: Pursuant to Criminal Procedure Law Sections 180.60(8) and 190.30(2), I certify that this copy is a true and accurate report concerning the results of tests and examinations which I, Marcia E. Bledsoe, public servant and Forensic Biologist 1, conducted at the Monroe County Public Safety Laboratory as recorded in this Laboratory Report Number 2907-00 Report 1.


_____               _____
Administrative Review                          Forensic Biologist 1
Dr. Moses S. Schanfield                         Marcia E. Bledsoe

# EXHIBIT B

**County of Monroe**
**Public Safety Laboratory**
**524 Public Safety Building**
**Rochester, New York 14614**
**Moses S. Schanfield, PH.D., Administrator**

Subject              : Biology / Criminalistics Case
Laboratory Case Number : 2907-00 Report 2     Report Date 5/3/2002
Complaint Number     : 00-0081935
Case Officer         : Greece Police
Submission Date      : 12/1/2000    Case Names:
                                    ███████████ - Victim      (K.L.J.)
                                    Jackson, Shawn A. - Suspect
                                    ███████████ - Victim      (C.L.J.)
                                    - Victim      (R.J.J.)

Reference : A, B, C, D

Agency    : Greece Police Department
Attention : Greece Police

## The following items were submitted:

Item 01      One sealed paper bag containing:
             Clothing

Item 02      One sealed NYS Sexual Assault Kit
             Sexual assault kit

Item 03      One sealed paper bag containing:
             Bedding

Item 04      One sealed paper bag containing:
             Bedding

Item 05      One sealed paper bag containing:
             Clothing

Item 06      One sealed paper bag containing:
             Clothing

Item 07      One sealed paper bag containing:
             Clothing

Item 08      One sealed NYS Sexual Assault Kit
             Sexual assault kit

## Results

**Monroe County Public Safety Laboratory**

Laboratory Case Number : 2907-00 Report 2
Agency : Greece Police Department
Analyst : No Analyst Assigned
Page No : 2

No trace analysis, evidence was returned.

CERTIFICATION: Pursuant to Criminal Procedure Law Sections 180.60(8) and 190.30(2), I certify that this copy is a true and accurate report concerning the results of tests and examinations which I, No Analyst Assigned, public servant and , conducted at the Monroe County Public Safety Laboratory as recorded in this Laboratory Report Number 2907-00 Report 2.

_____

Administrative Review
Moses S. Schanfield, PH.D.

_____

No Analyst Assigned

EXHIBIT D        EXHIBIT E

# EXHIBIT C

**County of Monroe**
**Public Safety Laboratory**
**524 Public Safety Building**
**Rochester, New York 14614**
**Moses S. Schanfield, Administrator**

Subject                          : DNA
Laboratory Case Number           : 2907-00 Report 3          Report Date: 03/27/2001
Complaint Number                 : 00-0081935
Case Officer                     : Sgt. Bittner
Submission Date                  : 12/01/2000                Case Names: C. J.
                                                             ▬▬▬▬▬ - Victim
                                                             Jackson, Shawn A. - Defendant

Reference    : A, B, C, D
Agency       : Greece Police Department
Attention    : Sgt. Bittner


## 1. EVIDENCE

DNA testing was performed on the following items of evidence which were retained or received for this case:

| MCPSL Item Number | Description |
|---|---|
| 4.3.3 | Bloodstain: Fitted sheet |
| 4.3.4 | Bloodstain: Fitted sheet |
| 6.2.3 | Suspected bloodstain: Pajama bottoms |
| 8.4.1.1 | Bloodstain card: Christal Jackson |


## 2. METHODS

DNA was extracted from the items described in section 1 of this report. Multiple copies of specified regions of the DNA were generated using the Polymerase Chain Reaction (PCR). DNA profiles were obtained using AmpliType PM + DQA1 analysis. AmpliType PM + DQA1 is a reverse dot blot assay consisting of six loci (DQA1, LDLR, GYPA, HBGG, D7S8, and GC).

1

**Monroe County Public Safety Laboratory**

**Laboratory Case Number** : 2907-00 Report 3
**Agency** : Greece Police Department
**Analyst** : Ellyn Colquhoun

## 3. RESULTS

| MCPSL Item No. | Description | DQA1 | LDLR | GYPA | HBGG | D7S8 | GC |
|---|---|---|---|---|---|---|---|
| 4.3.3 | Bloodstain: Fitted sheet | 3, 4.1 | BB | AB | BB | AA | AC |
| 4.3.4 | Bloodstain: Fitted sheet | 3, 4.1 | BB | AB | BB | AA | AC |
| 6.2.3 | Suspected bloodstain: Pajama bottoms | 1.2, 1.2* | AA | BB* | AB | AA | AC |
| 8.4.1.1 | Bloodstain card: ▆▆▆▆▆ CJ | 1.2, 1.2 | AA | BB | AB | AA | AC |

\* = In addition to the types listed above, results were obtained which were below the intensity of the control dot. These results may be due to the presence of DNA from more than one individual, or to technical artifacts.

## 4. CONCLUSIONS

C.J.

▆▆▆▆▆▆ is excluded as the source of the DNA profile obtained from the bloodstains on the fitted sheet (Items 4.3.3 and 4.3.4). The DNA profile obtained from bloodstains on the fitted sheet are consistent with each other.

CJ

▆▆▆▆▆▆ cannot be excluded as the source of the DNA profile obtained from the suspected bloodstain from the pajama bottoms (Item 6.2.3). The donor of the DNA profile obtained from the bloodstains on the fitted sheet (Items 4.3.3 and 4.3.4) is excluded as the source of the DNA profile obtained from the suspected bloodstain on the pajama bottoms (Item 6.2.3). The probability of randomly selecting an unrelated individual having the same PM+DQA1 profile as ▆▆▆▆ CJ ▆▆▆ and the suspected bloodstain from the pajama bottoms is approximately 1 in 237,000 Blacks; 1 in 10,700 Caucasians; 1 in 48,700 Hispanics; and 1 in 288,000 Asians.

**Monroe County Public Safety Laboratory**

**Laboratory Case Number**   : 2907-00 Report 3
**Agency**         : Greece Police Department
**Analyst**        : Ellyn Colquhoun


5.  DISPOSITION OF EVIDENCE

All items listed in section 1 of this report and DNA extracts are stored at -20°C in the Laboratory's DNA Freezer.

PCR Products have been discarded.


CERTIFICATION: Pursuant to Criminal Procedure Law Sections 180.60(8) and 190.30(2), I certify that this copy is a true and accurate report concerning the results of tests and examinations which I, Ellyn Colquhoun, public servant and Forensic Biologist I, conducted at the Monroe County Public Safety Laboratory as recorded in this Laboratory Case Number 2907-00 Report 3.


Administrative Review
Moses S. Schanfield

Forensic Biologist I
Ellyn Colquhoun