IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

SHAWN A. JACKSON,

                        Petitioner,                  **ORDER**
                                                                    **No. 05-CV-0571(VEB)**

    -vs-

JAMES T. CONWAY, Superintendent, Attica
Correctional Facility,

                        Respondent.
_____

      On September 14 and 15, 2009, this Court held an evidentiary hearing pursuant to *Sparman v. Edwards* in the above-captioned matter. At the hearing, petitioner called an expert medical witness, Dr. Julia DeBellis. Respondent moved to preclude the testimony of Dr. DeBellis on basis that petitioner had not provided expert disclosure as required under Federal Rule of Civil Procedure ("F.R.C.P.") 26. Petitioner opposed the motion, arguing that the discovery rules in the F.R.C.P. do not apply to habeas corpus petitions under 28 U.S.C. § 2254. At the hearing, the Court learned that respondent had become aware of petitioner's retention of an expert witness through a scheduling email sent by this Court's Chambers on September 10, 2009. At that time, respondent requested and received from petitioner, a copy of Dr. DeBellis' curriculum vitae and proposed affidavit summarizing what her hearing testimony would be. After hearing argument from respondent and petitioner, the Court elected to hear testimony from Dr. DeBellis and reserved decision on respondent's motion to preclude and the issue of whether respondent was entitled, as a remedy, to call a rebuttal expert witness. The Court noted at the hearing that respondent was aware, by virtue of the Court's initial order scheduling the hearing, that it was possible that the petitioner would require the retention of an expert witness, as one of

the principal issues herein is whether trial counsel was ineffective in failing to consult with, retain, and/or call an expert witness at trial. However, respondent did not present an expert witness at the hearing. However, at petitioner's underlying state court trial itself, the prosecuting assistant district attorney, attempted to call a medical expert witness after having given notice that the People were not intending to do so.

The interplay between the Federal Rules of Civil Procedure and § 2254 proceedings is, admittedly, a gray area. Although § 2254 habeas proceedings are exempted from the mandatory initial disclosures under F.R.C.P. 26(a), it has been observed that "[o]nce a court orders a particular form of discovery under Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts . . . . , the parties must follow the procedures for conducting that form or discovery set forth in Fed. R. Civ. P. 26-37, unless the court modifies those procedures." Herts & Liebman, Federal Habeas Corpus Practice and Procedure, § 19.4g, at 878 n. 39 (5th Ed. 2001).

Given the unique circumstances of this matter, the Court has determined to allow respondent to present rebuttal testimony from an expert medical witness. The interests of justice and the Court's paramount interest in obtaining a full airing of all the issues presented by petitioner's petition make it appropriate, in this Court's opinion, to allow consideration of this type of evidence. Respondent's attorney indicated at the hearing that, if permitted, she would present the expert witness evidence in affidavit form rather than through live testimony.

Respondent's motion to strike Dr. DeBellis' hearing testimony is denied, and her testimony is fully admissible. The Court notes its prior ruling at the hearing that Dr. DeBellis' affidavit, which was essentially duplicative of her hearing testimony, is inadmissible under any hearsay exception. *See* FED. R. EVID. 807.

Accordingly, it is hereby **ORDERED** that

1. Respondent may present rebuttal testimony from an expert medical witness in affidavit form.

2. Respondent's motion to strike Dr. DeBellis' hearing testimony is denied.

It is further **ORDERED** that the post-hearing submissions are due as follows:

The Court stated that it would permit the parties to submit a written "closing argument" of no longer than 10 pages. These are due 10 days from the date of entry of this Order.

Respondent shall, if desired, submit an affidavit from a rebuttal expert witness, no later than 10 days from the date of entry of this Order.

The parties shall be permitted to reply to the other side's post-hearing submissions. Once petitioner has received respondent's "closing argument" and rebuttal expert affidavit, and respondent has received petitioner's "closing argument," each may submit a reply brief of no longer than 5 pages. These reply briefs are due 5 days after all the initial post-hearing submissions have been filed and entered with the Court.

**ALL OF THE ABOVE IS SO ORDERED.**

/s/ *Victor E. Bianchini*

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: September 24, 2009
Buffalo, New York