UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

----------------------------------

SHAWN A. JACKSON,

        Petitioner,

  -against-

JAMES T. CONWAY, Superintendent

Attica Correctional Facility,

        Respondent.

----------------------------------



----------------------------------------

PETITIONERS MEMORANDUM OF LAW

In Support of Motion for Release R.O.R.

----------------------------------------

        Shawn A. Jackson, 01-B-1494

        Petitioner-Defendant

        Attica Corr. Facility

        P.O. Box 140

        Attica, New York 14011

(i)

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF AUTHORITIES.................................. | | ii |
| **ARGUMENT** | | |
| I. | THE COURT SHOULD GRANT PETITIONER'S MOTION FOR RELEASE, R.O.R./BAIL PENDING RESPONDENT'S APPEAL OF THIS COURT'S DECISION AND ORDER..... | 1 |
| A. | Petitioner Meets the Legal Requirements for Habeas Release, R.O.R./BAIL.................. | 1 |
| 1. | Petitioner's Habeas Claims Have Substance..... | 1,2 |
| 2. | Petitioner's Release Would Not Pose a Threat to the Public....................... | 2,3 |
| 3. | Petitioner's Release Would Be in the Public Interest............................. | 3 |
| 4. | Release/Bail is Necessary to Make the Habeas Remedy Effective....................... | 3,4,5 |
| **CONCLUSION**........................................... | | 5 |

(ii)

## TABLE OF AUTHORITIES

Page

### Federal Cases

Fay v. Noia, 372 U.S. 391 (1963)........................ 4

Hilton v. Brauskill, 481 U.S. 770 (1987).............. 3

Iuteri v. Nardoza, 662 F.2d 159 (2nd.Cir.1981)........ 1,4

Jones v. Shell, 572 F.2d 1278 (8th.Cir.1978).......... 4

Mapp v. Reno, 241 F.3d 221 (2nd.Cir.2001)............. 1,2,4

Morrissey v. Brewer, 408 U.S. 471 (1972).............. 3

Obrien v. O'Laughlin, 130 S.Ct. 5 (U.S. 2009)......... 4,5

United States v. Smith, 835 F.2d 1048 (3rd.Cir.1987). 3

Yong v. I.N.S., 208 F.3d 1116 (9th.Cir.2000).......... 4

-1-

**ARGUMENT**

I. **THE COURT SHOULD GRANT PETITIONER'S MOTION FOR RELEASE R.O.R./BAIL PENDING DISPOSITION OF RESPONDENT'S APPEAL**

Petitioner has moved in a motion submitted herewith, for Release, R.O.R./Bail pending disposition of the Respondent's Appeal of this Courts Decision and Order dated February 22, 2011. This Court, as the Second Circuit affirmed, has the inherent authority to grant release/bail to habeas petitioners. Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001) (collecting cases). For the reasons detailed herein, and in the Supporting Affirmation for Release, R.O.R./Bail Application, the Court should grant Petitioner's Motion for Release, R.O.R./ Bail pending disposition of the Respondent's Appeal in the above-listed action.

A. **Petitioner Meets the Legal Requirements For Habeas Release, R.O.R./Bail**

Under the Second Circuit precedent, "a court considering a habeas petitioner's fitness for Release/Bail must inquire into whether the habeas petition raises substantial claims and whether extraordinary circumstances exists that make the grant of Release/Bail necessary to make the habeas remedy effective." Mapp, 241 F.3d at 230 (quoting Iuteri v. Nardoza, 662 F.2d 159, 161 [2d Cir. 1981]). Here, Petitioner meets the requirements for habeas Release/Bail.

1. **Petitioner's Habeas Claims Have Substance**

   **As this Court's Decision and Order states**

-2-

The first question, whenever a habeas petitioner seeks Release/Bail, is whether his claims have "substance." Id., at 230. Here, this Court has already ruled: (A) **granted** on the claim of ineffective assistance of trial counsel with regard to the failure to retain a medical expert witness in connection with the convictions involving C.J.. (B) **granted** on the claim that the Miranda violation was not harmless as to the convictions involving C.J.. (C) **granted** on the claim of prosecutorial misconduct as to all of the convictions.

2.   <u>Petitioner's Release Would Not</u>

<u>Pose a Threat to the Public</u>

Courts, in assessing a habeas petitioner's fitness for bail, have found it appropriate to evaluate the risk he would pose to the public if released. See, e.g., Mapp, 241 F.3d at 224 (citing opinion of the district court). Here, Petitioner's release would not pose a threat to the public. See Pet.'s Supp. Affirm. For Relaese/R.O.R. Application § 2. Petitioner has a vested interest in clearing his name of the conduct charged in this case against him. With my release, I will be able to assist my (82) year old Mother, Louise P. Jackson through her stay in St. Mary's Hospital Brain Injury Unit, God willing back home to 76 Fallingwood Terrace, Rochester, New York 14612, where I will be able to afford both of my parents the dignity of at home care doing all of the heavy lifting for them. They will need almost everything done for them and I am the only one of their children that can dedicate myself

-3-

totally to them 24/7. I have lost the last eleven, (11) years of their lives, I am no danger to anyone and I am no flight risk. Moreover, I have, and will continue to maintain my innocence and look foreword to my day in court when that can be established.

3. <u>Petitioner's Release Would be in the Public Interest</u>

Courts assessing habeas petitioners' Release/Bail applications have also found it appropriate to inquire into whether his release would be in the public interest. <u>See</u>, <u>e.g.</u>, United States v. Smith, 835 F.2d 1048, 1050 (3rd. Cir. 1987) (citing Hilton v. Braunskill, 481 U.S. 770, 776 [1987]). Here, Petitioner's release would be in the public interest. "Society," as the Supreme Court has recognized, "has a stake on whatever may be the chance of restoring [an innocent man] to a normal and useful life within the law." Morrissey v. Brewer, 408 U.S. 471, 484 (1972)(bracketed material added). This "serves to alleviate the costs," both monetary and social, "of Keeping an individual in prison." <u>Id.</u>, at 477. Thus, since Petitioner is able to live a law-abiding life if released, his release would be in the public interest. Further, it restores the public's faith in the criminal justice system when those innocent of the crimes charged are treated fairly and allowed their day in court.

4. <u>Bail is Necessary to Make the Habeas Remedy Effective</u>

-4-

Lastly, in order to qualify for habeas Release/Bail there must exist "extraordinary circumstances...that make the grant of Release/Bail necessary to make the habeas remedy effective." Mapp, 241 F.3d at 230 (quoting Iuteri, 662 F.2d at 161). In order to be effective, Id., habeas petitioners' should be adjudicated "promptly." See, Fay v. Noia, 372 U.S. 391, 400-02 (1963)(observing that the Great Writ was intended to be a "swift and imperative remedy in all cases of illegal restraint or confinement" and so must be available as a "prompt and effective remedy") See, e.g., Yong v. I.N.S., 208 F.3d 1116, 1120-21 (9th. Cir. 2000)(vacating stay of habeas proceeding and directing lower court to adjudicate claims on the merits). "The writ of habeas corpus...is reduced to a sham if trial courts do not act within a reasonable time." Id. (quoting Jones v. shell, 572 F.2d 1278, 1280 [8th. Cir. 1978]).

Here, However, Petitioner filed his petition on August 11, 2005, today is August 01, 2011, ten days short of 6 years. To date the Respondent has yet to file their Appeal Brief, be that as it may the Prosecutorial Misconduct portion alone of this Court's Decision and Order has all the points to become the Second Circuits leading case on Prosecutorial Misconduct. It is exceedingly unlikely that the Respondent will convince the Second Circuit to reverse this Court's Decision and Order. Therefore, Petitioner's Liberty interest in Release is particularly substantial, thus the presumption in favor of Release is not overcome by the traditional stay factors. See,

O'Brien v. O'Laughlin, 130 S.Ct. at 7 (U.S. 2009). Each and every day in this environment is dangerous, and it is especially so when the Petitioner is innocent as he maintains. Moreover, each and every day that I am forced to spend in here is one less day I could be at my Mother's bedside at St. Mary's Hospital's Brain Injury Unit. Thus, Release, R.O.R./Bail is necessary to make the habeas remedy effective.

This Motion is respectfully submitted under the terms and conditions pursuant to 28 U.S.C. § 2243.

## CONCLUSION

For the reasons stated above, the Court should grant the Petitioner's Motion for Release, R.O.R./Bail. When this Court considers all of the options that this Court has, please remember that up until my Mother's stroke, my family was preparing to use two of their homes for collateral for a potential bond. The fact that the care my Mother is now receiving is not covered by their health insurance, those resources must now be used in that capacity. That is the reason for Release, R.O.R., any Bail higher than the $50.00 in my inmate account might as well be a million. Any Bail imposed must be a practicable amount that Petitioner can reasonably be expected to raise. Petitioner is prepared to abide to the letter any conditions that this Court deems appropriate for Release, R.O.R.. In the alternative, Petitioner has proffered facts in support of his legal claims sufficient to call for a fact-finding hearing to inquire into his fitness for Release, R.O.R., together with such other and

-6-

further relief as this Court may deem just, equitable and proper.


Dated: August 1, 2011                    Respectfully Submitted,
       Attica, New York                  *Shawn A. Jackson*
                                         Shawn A. Jackson


Pursuant to, and in accordance with, 28 U.S.C. § 1746: I declare under the penalty of perjury that all of the foregoing and Attached is True and Correct to the Best of my Knowledge, Information and Belief.

                                         *Shawn A. Jackson*
                                         Shawn A. Jackson

To: The Clerk, United States District Court

   Western District of New York

   100 State Street

   Rochester, New York 14614

To: Ms. Kelly Wolford, Assistant District Attorney

   47 South Fizhugh Street / Suite 832

   Rochester, New York 14614

To: Mr. Brian Shiffrin, ESQ.

   Easton, Thompson, Kasperek & Shiffrin

   The Powers Building

   16 West Main Street / Suite 243

   Rochester, New York 14614